# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA
# BATON ROUGE DIVISION

| | |
|---|---|
| PRINCESS SHERROD, ON BEHALF OF THE MINOR A.S. | CASE NO. 3:18-cv-00746 |
| V. | JUDGE UNASSIGNED |
| WALLACE, RUSH, SCHMIDT, INC., EDWARD S. SCHMIDT, DAVID RAY WALLACE, and HOWARD J. RUSH, III | MAGISTRATE JUDGE UNASSIGNED |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, reserving all claims and defenses, comes defendants, EDWARD S. SCHMIDT, DAVID RAY WALLACE, and HOWARD J. RUSH, III (the "WRS Principals"), who represent:

1.

Roderick Sherrod ("Sherrod")[1] filed a Petition for Damages in the Nineteenth Judicial District Court, Civil Action No. 651-661, Division D, Parish of East Baton Rouge, State of Louisiana, against Wallace, Rush, Schmidt, Inc. ("WRS") and others defendants, on September 23, 2016, seeking personal injury and/or wrongful death damages resulting from an accident involving a commercial vehicle/bus (the "State Court Proceeding").

2.

Sherrod filed an Amended Petition on September 28, 2016, a Second Amended Petition on March 22, 2017, a Third Amended Petition on June 2, 2017, and a Fourth Amended Petition, by order, on May 18, 2018. The WRS Principals were added as defendants in the Fourth

---

[1] Roderick Sherrod was appointed as Provisional Tutor to represent his minor granddaughter's rights, because his daughter, Princess Sherrod, was seventeen at the time. On May 15, 2017, Princess Sherrod (then of the full age of majority) was substituted as the proper party plaintiff and natural tutor to represent the rights and interests of her minor daughter, A.S. The Motion and Order to Substitute are attached as Exhibit C. Because the claims of both Roderick and Princess are on behalf of A.S., this Notice of Removal refers to the Plaintiff as "Sherrod."

1

Amended Petition. Copies of all Petitions filed in the State Court Proceeding are attached hereto as Exhibit A.

3.

Sherrod's claims for damages against WRS and the WRS Principals (the "Claims Against WRS & Principals") are based on the allegation that, when the accident occurred, the vehicle's driver was an agent or employee of WRS. However, the driver of the bus, Denis Yasmir Amaya-Rodriguez, was not an employee of WRS, has never been an employee of WRS, and was not an agent of WRS. Further, there has never been any employment, agency, or contractor relationship between WRS or the entities that did employ and/or contract with the driver.

4.

On March 24, 2017, WRS filed a Chapter 11 Voluntary Petition, instituting Case No. 17-10698, in Section "B" of the Eastern District of Louisiana, United States Bankruptcy Court.

5.

Pursuant to 28 U.S.C. § 1334, federal district courts are granted jurisdiction over four types of bankruptcy matters: (1) "cases under title 11," (2) "proceedings arising under title 11," (3) proceedings "arising in" a case under title 11, and (4) proceedings "related to" a case under title 11.[2] The first category, "cases arising under title 11", refers to the bankruptcy petition itself. The second, third, and fourth categories, all listed in § 1334(b), "operate conjunctively to define the scope of jurisdiction."[3] Accordingly, for purposes of determining whether a particular matter falls within bankruptcy jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy."[4]

---

[2] 28 U.S.C. § 1334(a)-(b).
[3] *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).
[4] *Id.*

"Related-to" jurisdiction is broadly conferred so as to "avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate."[5] The Fifth Circuit has made clear a proceeding is "related to" a bankruptcy if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."[6] In this context, "[c]ertainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate."[7]

6.

The outcome of the Claims Against WRS & Principals can have an effect on the estate of WRS, being administered in Chapter 11 Bankruptcy, Case No. 17-10698, in Section "B" of the Eastern District of Louisiana, United States Bankruptcy Court. Therefore, this Honorable Court has jurisdiction over the Claims Against WRS & Principals, and the claims may be removed.[8] WRS consents to this removal.

7.

"[R]emoval under Section 1452 is claim-specific and party-specific, and [] the claim preclusion definition of 'claim' furthers congressional intent to provide efficient bankruptcy administration."[9] Concerning the removal of distinct claims or causes of action, "if a party

---

[5] *In re Zale Corp.,* 62 F.3d 746, 752 (5th Cir.1995).
[6] *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).
[7] *Edge Petroleum Operating Co., Inc. v. GPR Holdings, L.L.C. (In re TXNB Internal Case),* 483 F.3d 292, 298 (5th Cir.2007).
[8] *See* 28 U.S.C. § 1452.
[9] *Orion Ref. Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 486 (E.D. La. 2004)

3

removes a claim or cause of action to federal court under 28 U.S.C. § 1452, that party need not obtain the consent of the other defendants."[10]

8.

Removal to this District Court, the Middle District of Louisiana, is proper pursuant to 28 U.S.C. § 1452(a): "A party may remove any claim or cause of action in a civil action . . . **to the district court for the district where such civil action is pending,** if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." The State Court Proceeding is currently pending in the Nineteenth Judicial District Court, Civil Action No. 651-661, Division D, Parish of East Baton Rouge, State of Louisiana

9.

On January 11, 2018, Sherrod filed a proof of claim in WRS' Bankruptcy. By filing a proof of claim, Sherrod brought the Claims Against WRS & Principals under the federal court's jurisdiction.[11]

10.

Because Sherrod filed a proof of claim, the Claims Against WRS & Principals are now a core proceeding under the Bankruptcy Code.[12]

11.

The claim against WRS has been brought by multiple plaintiffs, in multiple cases, and in multiple venues. Adjudicating the issue in this court would facilitate a consistent result, judicial expediency, centralization of the claim, and protection of the WRS estate from frivolous claims.

---

[10] *Id.*

[11] *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court.").

[12] *In re Exide Techs.*, 544 F.3d 196, 214 (3d Cir. 2008) (noting, "it is axiomatic that filing a proof of claim triggers the claims allowance process under 11 U.S.C. § 501 et seq., which, by its very nature, is a 'core' proceeding that can arise *only* in a title 11 case."); *see also Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987); *In re Continental Airlines*, 125 F.3d 120, 131 (3d Cir. 1997) (citing and following Wood ).

12.

The Bankruptcy Court for the Eastern District of Louisiana ordered that Sherrod "may not enforce a judgment against [WRS] without additional [Bankruptcy] court approval." *See* Rec. Doc. 88, Case No. 17-10698, in the Bankruptcy Court for the Eastern District of Louisiana.

13.

The East Baton Rouge Parish Clerk of Court shows no service on the WRS Principals as of the date of this filing; fewer than thirty days have passed since service of the Defendants. Therefore, removal is timely under Federal Rule of Bankruptcy Procedure 9027.

14.

Considering federal court's unique ability to facilitate a consistent result, judicial expediency, centralization of the claim, and protection of the estate from frivolous claims, to the extent any time limits are considered by this Court to have run or deadlines passed, **Defendants respectfully request and move for the Court to enlarge the period to permit the filing of this notice of removal and the removal of the Claim Against WRS, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy, as any delay was the result of excusable neglect.**

15.

The WRS Principals respectfully request that this "Notice of Removal" be filed in the records of the United States District Court for the Middle District of Louisiana, effecting the removal of the Claims Against WRS & Principals in the state court matter "Roderick Sherrod, on behalf of the minor AS v. Kristina's Transportation, LLC, Wallace Rush, Schmidt, Inc., *et al.*," bearing the Civil Action No. 651661, Section D, on the docket of the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, to the United States District Court for the Middle District of Louisiana.

16.

Upon the filing of this Notice of Removal, the WRS Principals will provide written notification to Sherrod and any other parties of such action, and will file a copy of the Notice of Removal with the District Clerk of East Baton Rouge Parish, Louisiana. A Copy of the State Court notification accompanies this Notice of Removal as Exhibit B.

17.

A copy of this Notice of Removal shall be mailed or emailed to all counsel of record on Monday, August 6th, 2018.

**WHEREFORE**, The WRS Principals pray that the Claims Against WRS & Principals, as defined herein, now pending in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, be removed therefrom to this Court and that the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana proceed no further on said claims.

Respectfully submitted,

**NEUNERPATE**

_____
**JAMES L. PATE**, Bar. Roll No. 10333
(jpate@neunerpate.com)
**B. LANCE PERSON**, Bar. Roll No. 35280
(lperson@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Road, Suite 200
Lafayette, Louisiana 70503
Telephone: (337) 237-7000
Fax: (337) 233-9450

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a copy of the above and foregoing has this day been served on all known counsel of record:

**VIA EMAIL AND U.S. MAIL**
Mr. Kenneth H. Hooks, III
Dodson & Hooks, LLC
112 Founders Drive
Baton Rouge, Louisiana 70810

**VIA EMAIL ONLY**
Mr. Howard L. Murphy
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130

**VIA EMAIL ONLY**
Mr. Jesse L. Wimberly, III
Wimberly Law Firm
120 Lisa Lane
Mandeville, Louisiana 70448

**VIA EMAIL ONLY**
Ms. Debra J. Fischman
Sher, Garner, Cahill, Richter, Klein,
 McAlister & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033

**VIA EMAIL ONLY**
Mr. Mr. Randall C. Mulcahy
Garrison, Yount, Forte &
 Mulcahy, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112

**VIA EMAIL ONLY**
Mr. Robert L. David, Jr.
Juneau David, APLC
P.O. Drawer 51268
Lafayette, Louisiana 70505-1268

**VIA EMAIL ONLY**
Michael J. Remondet, Jr.
200 West Congress Street, Suite 1100
Post Office Box 91530
Lafayette, Louisiana 70509
Telephone #: (337) 237-4370
Toll Free #: (800) 446-2745
Fax #: (337) 235-2011

by placing same in the United States mail, postage prepaid, and by electronic transmission pursuant to Louisiana Code Civil Procedure Art. 1313 on August 6th, 2018.

_____
**Counsel**