RODERICK SHERROD     *     SUIT NO. _651661_ SEC.NO. _D_
on behalf of the minor AS

    *     19th JUDICIAL DISTRICT COURT

vs.

    *     PARISH OF EAST BATON ROUGE

KRISTINA'S TRANSPORTATION, LLC,
WALLACE, RUSH, SCHMIDT, INC.,     *     STATE OF LOUISIANA
ET AL

FILED: _____     _____
                                                CLERK OF COURT
*****************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the plaintiff RODERICK SHERROD, an individual over the age of majority, domiciled in Jackson County, Mississippi. Plaintiff appears herein individually and in his representative capacity to represent the legal interest of his minor granddaughter, AS. AS is the minor child of Plaintiff's minor daughter and the decedent Jermaine Starr.

Plaintiff respectfully represents to the Court as follows:

### NAMED DEFENDANTS

Named as defendants herein are the following:

1. **KRISTINA'S TRANSPORTATION, LLC,** a Louisiana limited liability company, domiciled in Jefferson, Louisiana (hereinafter "Kristina's Transport"). Defendant Kristina's Transport is believed to be the owner of the bus involved in the incident at issue herein and the employer of Denis Yasmir Amaya-Rodriguez at the time of the incident made the basis of this complaint.

2. **WALLACE, RUSH, SCHMIDT, INC.,** a foreign corporation authorized to do and doing business in this state with a registered office at 116 Acadian, Mandeville, Louisiana (hereinafter "WRS"). Defendant WRS is believed to have chartered the bus and hired the driver Denis Yasmir Amaya-Rodriguez, who was driving the bus at the time of the incident made the basis of this complaint.

3. **NATIONAL LIABILITY & FIRE INSURANCE COMPANY,** a foreign insurer, licensed and authorized to do business in this state, who at all times material hereto, is believed to have provided insurance coverage to defendant Kristina's Transport and/or Denis Yasmir Amaya-Rodriguez for all of the damages complained of herein by Plaintiff.

4. **NATIONAL GENERAL INSURANCE COMPANY,** a foreign insurer, licensed and authorized to do business in this state, who at all times material hereto, is believed to have provided insurance coverage to the driver of the Toyota Camry in which Jermaine Starr was riding as a passenger when he was killed, and which insurance provides coverage for the damages complained of herein by Plaintiff.

5. **ABC INSURANCE COMPANY,** a yet to be identified foreign insurer, that at all times material hereto, provided insurance coverage to defendant WRS and/or Denis Yasmir Amaya-Rodriguez for all of the damages complained of herein by Plaintiffs.

6. There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claims set forth herein, and who may be added by amendment when their true names and identities are ascertained. The word

"entity" as used herein is intended to refer to any and all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations, and any and all unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that that the descriptive characterization applies to more than one "entity." In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

A.  whether singular or plural, the correct legal name of Denis Yasmir Amaya-Rodriguez;

B.  whether singular or plural, the correct legal name of Kristina's Transport, including any division, wholly owned subsidiary and/or related entity, including its individual owners;

C.  whether singular or plural, the entity or entities who or which was the operator of the commercial motor vehicle/bus described above at the time of the accident at issue herein;

D.  whether singular or plural, the entity or entities who or which was the employer of the person who was the operator of the commercial motor vehicle/bus described above at the time of the accident at issue herein;

E.  whether singular or plural, the entity or entities for whom Denis Yasmir Amaya-Rodriguez was acting as an agent, servant, or employee on the occasion of the incident made the basis of this lawsuit;

F.  whether singular or plural, the entity or entities who or which owned, leased or rented the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

G.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated a commercial carrier with inadequate safety management controls;

H.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

I.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly hired and selected the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

J.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly trained the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

K.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly supervised and monitored the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

L.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly used an unskilled, unknowledgeable, unqualified or disqualified driver;

M.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly retained the employment of the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

N.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

O.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly maintained the commercial motor vehicle/bus, including the equipment thereon, involved in the incident made the basis of this lawsuit;

P.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly inspected the commercial motor vehicle/bus, including the equipment thereon, involved in the incident made the basis of this lawsuit;

Q.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly equipped the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

R.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly selected an independent contractor;

S.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated the Federal Motor Carrier Safety Regulations;

T.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated their own company policy;

U.    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly aided and abetted their employees in the violation of the Federal Motor Carrier Safety Regulations;

V.    whether singular or plural, the entity or entities who or which conspired, agreed, and/or acted in concert in such a way that it caused or contributed to the occurrence made the basis of Plaintiff' claims.

W.    whether singular or plural, the entity or entities other than those described above whose negligence, wantonness, failure to act, breach of duty or other wrongful conduct caused or contributed to the occurrence made the basis of Plaintiff' claims;

X.    whether singular or plural, the entity or entities other than those described above, which is the successor in interest to any of those entities described hereinabove.

Plaintiff aver that the identities of the fictitious party-Defendants are otherwise unknown at this time, or, if known, their identities as proper party-Defendants are unknown, but their true names will be substituted by amendment when ascertained.

## ALLEGATIONS OF FACT

5.    On August 28, 2016, around 7 a.m., a commercial vehicle/bus owned by defendant Kristina's Transport and driven by Denis Yasmir Amaya-Rodriguez on I-10 west near the Belle Terre Boulevard exit ramp in LaPlace, Louisiana, in St. John the Baptist Parish, crashed into the left side of a stationary St. John Parish fire truck and then crashed into the 2012 Toyota Camry in which Jermaine Starr was a passenger.

6.    At the time of this crash, Denis Yasmir Amaya-Rodriguez is believed to have been the agent and/or employee working in the course and scope of his agency and/or employment for defendant Kristina's Transport and/or WRS.

7.    At the time of this crash, Denis Yasmir Amaya-Rodriguez Nuverra was operating the commercial motor vehicle/bus (hereinafter the "commercial motor vehicle"), which was owned by Kristina's Transport.

8.    At the time of this crash, Denis Yasmir Amaya-Rodriguez, as an agent and/or employee of Kristina's Transport and/or WRS, was operating the commercial motor vehicle which was owned by Kristina's Transport, with the consent and permission of Kristina's Transport.

9.    As a result of the occurrence described in Paragraph 5 above, Jermaine Starr suffered significant bodily injuries and later died as a result of those injuries.

## LEGAL ALLEGATIONS
## COUNT ONE

10.    Plaintiff re-alleges and incorporate by reference the foregoing paragraphs as if set forth fully herein, and further aver that on or about August 28, 2016, on I-10, a public roadway in St. John the Baptist Parish, Louisiana, Denis Yasmir Amaya-Rodriguez and/or a fictitious Defendant, while acting as an agent, servant, or employee of Kristina's Transport and/or WRS, negligently, recklessly, wrongfully, and/or wantonly:

    a.    operated the commercial vehicle in a negligent manner, causing a wreck;

    b.    failed to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

    c.    failed to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

    d.    failed to use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

    e.    failed to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

    f.    failed to use proper hazard perception techniques as required by the Federal

Motor Carrier Safety Regulations;

g.    failed to yield the right of way;

h.    failed to remain in his proper lane of travel;

i.    failed to keep a proper lookout

j.    failed to timely stop his vehicle in traffic;

k.    failed to take reasonable evasive action to avoid causing a wreck;

l.    failed to inspect the commercial vehicle, including the equipment thereon;

m.    violated the Federal Motor Carrier Safety Regulations;

n.    violated Louisiana motor vehicle statutes;

o.    violated company policy;

p.    caused and/or contributed to the occurrence made the basis of this lawsuit; and

q.    committed other such acts and omissions as will be proven at the trial of this action.

11.    At the time of the incident made the basis of this lawsuit, Denis Yasmir Amaya-Rodriguez, and/or various fictitious Defendants, was acting in the line and scope of his employment and/or agency for Kristina's Transport and/or WRS and/or other fictitiously described Defendants.

12.    Plaintiff alleges that the injuries, damages and ultimate death suffered by Jermaine Starr were the proximate consequence of the wrongful, reckless, negligent, and/or wanton conduct of Denis Yasmir Amaya-Rodriguez and/or other fictitious Defendants, to which Defendants Kristina Transport and/or WRS are legally responsible.

13.    As a direct and proximate consequence of the aforesaid wrongful, reckless, negligent, and/or wanton conduct Defendants Kristina's Transport and WRS, and that of Denis Yasmir Amaya-Rodriguez to which Defendants Kristina Transport and/or WRS are legally responsible, and/or other fictitious Defendants, Jermaine Starr suffered the following non-exclusive categories of damages:

A.    Past physical pain and suffering;

B.    Past medical expenses, and

C.    Past mental and emotional pain and suffering.

### COUNT TWO

14.    Plaintiff re-alleges and incorporate by reference the foregoing paragraphs as if set forth fully herein, and further aver that on or about August 28, 2016, on I-10, a public roadway

in St. John the Baptist Parish, Louisiana, Kristina's Transport, WRS, and/or other fictitious

Defendants negligently, recklessly, wrongfully and/or wantonly:

a.   operated a commercial carrier with inadequate safety management controls;

b.   entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

c.   hired and selected the operator of the commercial vehicle which was involved in the collision that killed Jermaine Starr;

d.   hired and selected an unlicensed and undocumented driver to operate the commercial vehicle which was involved in the collision that killed Jermaine Starr;

e.   supervised and monitored the operator of the commercial vehicle which was involved in the collision that killed Jermaine Starr;

f.   used an unskilled, unknowledgeable, unqualified, or disqualified driver;

g.   retained the employment of the operator of the commercial vehicle that was involved in the collision that killed Jermaine Starr;

h.   violated the Federal Motor Carrier Safety Regulations;

i.   violated Louisiana motor vehicle statutes;

j.   violated their own company policy;

k.   aided and abetted their employees in the violation of the Federal Motor Carrier Safety Regulations;

l.   aided and abetted their employees in the violation of Louisiana motor vehicle statutes;

m.   conspired and/or acted in concert with their drivers in order to violate the Federal Motor Carrier Safety Regulations;

n.   conspired and/or acted in concert with their drivers in order to violate Louisiana motor vehicle statutes;

o.   failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations, and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

p.   maintained the commercial vehicle, including the equipment thereon, which was involved in the collision that killed Jermaine Starr;

q.   failed to ensure that the commercial vehicle which was involved in the collision that killed Jermaine Starr had the parts and accessories necessary for safe operation;

r.   inspected the commercial vehicle, including the equipment thereon, which was involved in the collision that killed Jermaine Starr;

s.   equipped the commercial vehicle which was involved in the collision that killed Jermaine Starr;

t.   loaded the commercial motor vehicle which was involved in the collision that killed Jermaine Starr;

u.   secured the load on the commercial motor vehicle which was involved in the collision that killed Jermaine Starr;

v.   caused and/or contributed to the occurrence made the basis of this lawsuit; and

w.   committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

15. As a result of injuries and death to Jermaine Starr, directly and proximately caused by the various acts of defendants Katrina's Transport and WRS, Plaintiff asserts and brings claims in his representative capacity for damages against all named defendants, including all wrongful death and survivor claims, as well as all other claims for damages available and allowed under the law.

16. Plaintiff further alleges on information and belief that at the time of the incident complained of herein, there was in full force and effect a policy of commercial liability insurance and/or an excess or umbrella policy of insurance issued by defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY in which it agreed to insure and indemnify defendant Kristina's Transport and/or Denis Yasmir Amaya-Rodriguez against liability for the damages complained of herein. This policy or policies inures, *inter alia*, to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Plaintiff for the damages sued for herein.

17. Plaintiff further alleges on information and belief that at the time of the incident complained of herein, there was in full force and effect a policy of liability insurance and/or an excess or umbrella policy of insurance issued by defendant NATIONAL GENERAL INSURANCE COMPANY in which it agreed to insure and indemnify the Toyota Camry and/or its driver, in which Jermaine Starr was riding as a passenger when he was killed, against liability for the damages complained of herein. This policy or policies inures, *inter alia*, to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Plaintiff for the damages sued for herein.

18. Plaintiff further alleges on information and belief that at the time of the incident complained of herein, there was in full force and effect policy of commercial liability insurance and/or an excess or umbrella policy of insurance issued by defendant ABC

INSURANCE COMPANY in which it agreed to insure and indemnify defendant WRS and/or Denis Yasmir Amaya-Rodriguez against liability for the damages complained of herein. This policy inures, *inter alia*, to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Plaintiff for the damages sued for herein.

19.     Plaintiff hereby request a trial by jury.

**WHEREFORE,** Plaintiff pray that defendants KRISTINA'S TRANSPORTATION, LLC, WALLACE, RUSH, SCHMIDT, INC., NATIONAL LIABILITY & FIRE INSURANCE COMPANY, NATIONAL GENERAL INSURANCE COMPANY and ABC INSURANCE COMPANY each be duly cited and served with this Petition for Damages, that all Defendants be required to appear and answer same, and after the expiration of all legal delays and due proceedings are had, including a trial by jury, that there be a judgment rendered herein in favor of Plaintiff and against Defendants, jointly, severally and in solido in an amount that is just and reasonable in this situation, with interest from date of judicial demand until paid or as allowed by law, for all costs of these proceedings, penalties, attorneys' fees and future damages if applicable, and for all other general and amicable relief.

Respectfully submitted:

DODSON & HOOKS, LLC

Kenneth H. Hooks, III (#25097)
H. Price Mounger, III (#19077)
112 Founders Drive
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025
Email: Kenny@dodsonhooks.com
Email: Price@dodsonhooks.com

**PLEASE SERVE:**

**KRISTINA'S TRANSPORTATION, LLC**
Through its registered agent for service of process
Christian Lombardo
741 Canton Street
Jefferson, LA 70121

or at alternative address of:
121 Pelican Street
Destrehan, LA 70047

**WALLACE, RUSH, SCHMIDT, INC.**
Through its registered agent for service of process

CERTIFIED TRUE AND
CORRECT COPY

OCT 07 2016

East Baton Rouge Parish
Deputy Clerk of Court

Edward Schmidt
116 Acadian
Mandeville, LA 70471

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY**
through the Louisiana Secretary of State

**NATIONAL GENERAL INSURANCE COMPANY**
Though the Louisiana Secretary of State

PLEASE WITHHOLD SERVICE AT THIS TIME ON:

ABC INSURANCE COMPANY

RODERICK SHERROD
on behalf of the minor AS

vs.

KRISTINA'S TRANSPORTATION, LLC,
WALLACE, RUSH, SCHMIDT, INC.,
ET AL

FILED: _____

SUIT NO. _____ SEC.NO. D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

COST OK 8

STATE OF LOUISIANA

SEP 2 8 2016

_____
CLERK OF COURT   DEPUTY CLERK OF COURT

*****************************************************************************

## AMENDED PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the plaintiff RODERICK

SHERROD, an individual over the age of majority, domiciled in Jackson County, Mississippi.

Plaintiff appears herein individually and in his representative capacity as Provisional Tutor of his

minor granddaughter, Armani Loree' Starr, who respectfully represents to the Court as follows:

### NAMED DEFENDANTS

Named as defendants herein are the following:

1. **KRISTINA'S TRANSPORTATION, LLC,** a Louisiana limited liability company,
   domiciled in Jefferson, Louisiana (hereinafter "Kristina's Transport"). Defendant
   Kristina's Transport is believed to be the owner of the bus involved in the incident at issue
   herein and the employer of Denis Yasmir Amaya-Rodriguez at the time of the incident
   made the basis of this complaint.

2. **WALLACE, RUSH, SCHMIDT, INC.,** a foreign corporation authorized to do and doing
   business in this state with a registered office at 116 Acadian, Mandeville, Louisiana
   (hereinafter "WRS"). Defendant WRS is believed to have chartered the bus and hired the
   driver Denis Yasmir Amaya-Rodriguez, who was driving the bus at the time of the incident
   made the basis of this complaint.

3. **NATIONAL LIABILITY & FIRE INSURANCE COMPANY,** a foreign insurer,
   licensed and authorized to do business in this state, who at all times material hereto, is
   believed to have provided insurance coverage to defendant Kristina's Transport and/or
   Denis Yasmir Amaya-Rodriguez for all of the damages complained of herein by Plaintiff.

4. **NATIONAL GENERAL INSURANCE COMPANY,** a foreign insurer, licensed and
   authorized to do business in this state, who at all times material hereto, is believed to have
   provided insurance coverage to the driver of the Toyota Camry in which Jermaine Starr
   was riding as a passenger when he was killed, and which insurance provides coverage for
   the damages complained of herein by Plaintiff.

5. **ABC INSURANCE COMPANY,** a yet to be identified foreign insurer, that at all times
   material hereto, provided insurance coverage to defendant WRS and/or Denis Yasmir
   Amaya-Rodriguez for all of the damages complained of herein by Plaintiffs.

6. There may be other entities whose true names and identities are unknown to the Plaintiff
   at this time who may be legally responsible for the claims set forth herein, and who may
   be added by amendment when their true names and identities are ascertained. The word
   "entity" as used herein is intended to refer to any and all legal entities, including individual
   persons, any and all forms of partnerships, any and all types of corporations, and any and
   all unincorporated associations. The symbol by which these party Defendants are
   designated is intended to include more than one entity in the event that the descriptive

characterization applies to more than one "entity." In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

A. whether singular or plural, the correct legal name of Denis Yasmir Amaya-Rodriguez;

B. whether singular or plural, the correct legal name of Kristina's Transport, including any division, wholly owned subsidiary and/or related entity, including its individual owners;

C. whether singular or plural, the entity or entities who or which was the operator of the commercial motor vehicle/bus described above at the time of the accident at issue herein;

D. whether singular or plural, the entity or entities who or which was the employer of the person who was the operator of the commercial motor vehicle/bus described above at the time of the accident at issue herein;

E. whether singular or plural, the entity or entities for whom Denis Yasmir Amaya-Rodriguez was acting as an agent, servant, or employee on the occasion of the incident made the basis of this lawsuit;

F. whether singular or plural, the entity or entities who or which owned, leased or rented the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

G. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated a commercial carrier with inadequate safety management controls;

H. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

I. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly hired and selected the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

J. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly trained the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

K. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly supervised and monitored the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

L. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly used an unskilled, unknowledgeable, unqualified or disqualified driver;

M. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly retained the employment of the operator of the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

N.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

O.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly maintained the commercial motor vehicle/bus, including the equipment thereon, involved in the incident made the basis of this lawsuit;

P.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly inspected the commercial motor vehicle/bus, including the equipment thereon, involved in the incident made the basis of this lawsuit;

Q.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly equipped the commercial motor vehicle/bus involved in the incident made the basis of this lawsuit;

R.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly selected an independent contractor;

S.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated the Federal Motor Carrier Safety Regulations;

T.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated their own company policy;

U.   whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly aided and abetted their employees in the violation of the Federal Motor Carrier Safety Regulations;

V.   whether singular or plural, the entity or entities who or which conspired, agreed, and/or acted in concert in such a way that it caused or contributed to the occurrence made the basis of Plaintiffs' claims.

W.   whether singular or plural, the entity or entities other than those described above whose negligence, wantonness, failure to act, breach of duty or other wrongful conduct caused or contributed to the occurrence made the basis of Plaintiffs' claims;

X.   whether singular or plural, the entity or entities other than those described above, which is the successor in interest to any of those entities described hereinabove.

Plaintiffs aver that the identities of the fictitious party-Defendants are otherwise unknown at this time, or, if known, their identities as proper party-Defendants are unknown, but their true names will be substituted by amendment when ascertained.

## ALLEGATIONS OF FACT

5.   On August 28, 2016, around 7 a.m., a commercial vehicle/bus owned by defendant Kristina's Transport and driven by Denis Yasmir Amaya-Rodriguez on I-10 west near the

Belle Terre Boulevard exit ramp in LaPlace, Louisiana, in St. John the Baptist Parish, crashed into the left side of a stationary St. John Parish fire truck and then crashed into the 2012 Toyota Camry in which Jermaine Starr was a passenger.

6. At the time of this crash, Denis Yasmir Amaya-Rodriguez is believed to have been the agent and/or employee working in the course and scope of his agency and/or employment for defendant Kristina's Transport and/or WRS.

7. At the time of this crash, Denis Yasmir Amaya-Rodriguez Nuverra was operating the commercial motor vehicle/bus (hereinafter the "commercial motor vehicle"), which was owned by Kristina's Transport.

8. At the time of this crash, Denis Yasmir Amaya-Rodriguez, as an agent and/or employee of Kristina's Transport and/or WRS, was operating the commercial motor vehicle which was owned by Kristina's Transport, with the consent and permission of Kristina's Transport.

9. As a result of the occurrence described in Paragraph 5 above, Jermaine Starr suffered significant bodily injuries and later died as a result of those injuries.

## LEGAL ALLEGATIONS
### COUNT ONE

10. Plaintiff re-alleges and incorporate by reference the foregoing paragraphs as if set forth fully herein, and further aver that on or about August 28, 2016, on I-10, a public roadway in St. John the Baptist Parish, Louisiana, Denis Yasmir Amaya-Rodriguez and/or a fictitious Defendant, while acting as an agent, servant, or employee of Kristina's Transport and/or WRS, negligently, recklessly, wrongfully, and/or wantonly:

    a. operated the commercial vehicle in a negligent manner, causing a wreck;

    b. failed to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

    c. failed to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

    d. failed to use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

    e. failed to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

    f. failed to use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

    g. failed to yield the right of way;

    h. failed to remain in his proper lane of travel;

i. failed to keep a proper lookout

j. failed to timely stop his vehicle in traffic;

k. failed to take reasonable evasive action to avoid causing a wreck;

l. failed to inspect the commercial vehicle, including the equipment thereon;

m. violated the Federal Motor Carrier Safety Regulations;

n. violated Louisiana motor vehicle statutes;

o. violated company policy;

p. caused and/or contributed to the occurrence made the basis of this lawsuit; and

q. committed other such acts and omissions as will be proven at the trial of this action.

11. At the time of the incident made the basis of this lawsuit, Denis Yasmir Amaya-Rodriguez, and/or various fictitious Defendants, was acting in the line and scope of his employment and/or agency for Kristina's Transport and/or WRS and/or other fictitiously described Defendants.

12. Plaintiff alleges that the injuries, damages and ultimate death suffered by Jermaine Starr were the proximate consequence of the wrongful, reckless, negligent, and/or wanton conduct of Denis Yasmir Amaya-Rodriguez and/or other fictitious Defendants, to which Defendants Kristina Transport and/or WRS are legally responsible.

13. As a direct and proximate consequence of the aforesaid wrongful, reckless, negligent, and/or wanton conduct Defendants Kristina's Transport and WRS, and that of Denis Yasmir Amaya-Rodriguez to which Defendants Kristina Transport and/or WRS are legally responsible, and/or other fictitious Defendants, Jermaine Starr suffered the following non-exclusive categories of damages:

A. Past physical pain and suffering;

B. Past medical expenses, and

C. Past mental and emotional pain and suffering.

## COUNT TWO

14. Plaintiff re-alleges and incorporate by reference the foregoing paragraphs as if set forth fully herein, and further aver that on or about August 28, 2016, on I-10, a public roadway in St. John the Baptist Parish, Louisiana, Kristina's Transport, WRS, and/or other fictitious Defendants negligently, recklessly, wrongfully and/or wantonly:

a. operated a commercial carrier with inadequate safety management controls;

b. entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

c. hired and selected the operator of the commercial vehicle which was involved in the collision that killed Jermaine Starr;

d. hired and selected an unlicensed and undocumented driver to operate the commercial vehicle which was involved in the collision that killed Jermaine Starr;

e. supervised and monitored the operator of the commercial vehicle which was involved in the collision that killed Jermaine Starr;

f. used an unskilled, unknowledgeable, unqualified, or disqualified driver;

g. retained the employment of the operator of the commercial vehicle that was involved in the collision that killed Jermaine Starr;

h. violated the Federal Motor Carrier Safety Regulations;

i. violated Louisiana motor vehicle statutes;

j. violated their own company policy;

k. aided and abetted their employees in the violation of the Federal Motor Carrier Safety Regulations;

l. aided and abetted their employees in the violation of Louisiana motor vehicle statutes;

m. conspired and/or acted in concert with their drivers in order to violate the Federal Motor Carrier Safety Regulations;

n. conspired and/or acted in concert with their drivers in order to violate Louisiana motor vehicle statutes;

o. failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations, and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

p. maintained the commercial vehicle, including the equipment thereon, which was involved in the collision that killed Jermaine Starr;

q. failed to ensure that the commercial vehicle which was involved in the collision that killed Jermaine Starr had the parts and accessories necessary for safe operation;

r. inspected the commercial vehicle, including the equipment thereon, which was involved in the collision that killed Jermaine Starr;

s. equipped the commercial vehicle which was involved in the collision that killed Jermaine Starr;

t. loaded the commercial motor vehicle which was involved in the collision that killed Jermaine Starr;

u. secured the load on the commercial motor vehicle which was involved in the collision that killed Jermaine Starr;

v. caused and/or contributed to the occurrence made the basis of this lawsuit; and

w. committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

15. As a result of injuries and death to Jermaine Starr, directly and proximately caused by the various acts of defendants Katrina's Transport and WRS, Plaintiff asserts and brings claims in his representative capacity for damages against all named defendants, including all wrongful death and survivor claims, as well as all other claims for damages available and allowed under the law.

16. Plaintiff further alleges on information and belief that at the time of the incident complained of herein, there was in full force and effect a policy of commercial liability insurance and/or an excess or umbrella policy of insurance issued by defendant NATIONAL LIABILITY & FIRE INSURANCE COMPANY in which it agreed to insure and indemnify defendant Kristina's Transport and/or Denis Yasmir Amaya-Rodriguez against liability for the damages complained of herein. This policy or policies inures, *inter alia*, to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Plaintiff for the damages sued for herein.

17. Plaintiff further alleges on information and belief that at the time of the incident complained of herein, there was in full force and effect a policy of liability insurance and/or an excess or umbrella policy of insurance issued by defendant NATIONAL GENERAL INSURANCE COMPANY in which it agreed to insure and indemnify the Toyota Camry and/or its driver, in which Jermaine Starr was riding as a passenger when he was killed, against liability for the damages complained of herein. This policy or policies inures, *inter alia*, to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Plaintiff for the damages sued for herein.

18. Plaintiff further alleges on information and belief that at the time of the incident complained of herein, there was in full force and effect policy of commercial liability insurance and/or an excess or umbrella policy of insurance issued by defendant ABC INSURANCE COMPANY in which it agreed to insure and indemnify defendant WRS and/or Denis Yasmir Amaya-Rodriguez against liability for the damages complained of herein. This policy inures, *inter alia*, to the benefit of Plaintiff under the provisions of the

Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Plaintiff for the damages sued for herein.

19.  Plaintiff hereby request a trial by jury.

**WHEREFORE**, Plaintiff pray that defendants KRISTINA'S TRANSPORTATION, LLC, WALLACE, RUSH, SCHMIDT, INC., NATIONAL LIABILITY & FIRE INSURANCE COMPANY, NATIONAL GENERAL INSURANCE COMPANY and ABC INSURANCE COMPANY each be duly cited and served with this Petition for Damages, that all Defendants be required to appear and answer same, and after the expiration of all legal delays and due proceedings are had, including a trial by jury, that there be a judgment rendered herein in favor of Plaintiff and against Defendants, jointly, severally and in solido in an amount that is just and reasonable in this situation, with interest from date of judicial demand until paid or as allowed by law, for all costs of these proceedings, penalties, attorneys' fees and future damages if applicable, and for all other general and amicable relief.

Respectfully submitted:

DODSON & HOOKS, LLC



Kenneth H. Hooks, III (#25097)
H. Price Mounger, III (#19077)
112 Founders Drive
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025
Email: Kenny@dodsonhooks.com
Email: Price@dodsonhooks.com

**PLEASE SERVE:**

**KRISTINA'S TRANSPORTATION, LLC**
Through its registered agent for service of process
Christian Lombardo
741 Canton Street
Jefferson, LA 70121

or at alternative address of:
121 Pelican Street
Destrehan, LA 70047

**WALLACE, RUSH, SCHMIDT, INC.**
Through its registered agent for service of process
**Edward Schmidt**
**116 Acadian**
**Mandeville, LA 70471**

CERTIFIED TRUE AND
CORRECT COPY

OCT 12 2016

East Baton Rouge Parish
Deputy Clerk of Court

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY**
through the Louisiana Secretary of State

**NATIONAL GENERAL INSURANCE COMPANY**
Though the Louisiana Secretary of State

PLEASE WITHHOLD SERVICE AT THIS TIME ON:

ABC INSURANCE COMPANY

RODERICK SHERROD          *     SUIT NO. 651661    SECTION "D"

on behalf of the minor AS

                                 *     19th JUDICIAL DISTRICT COURT

vs.

                                 *     PARISH OF EAST BATON ROUGE

KRISTINA'S TRANSPORTATION, LLC,

WALLACE, RUSH, SCHMIDT, INC.,    *     STATE OF LOUISIANA

ET AL

*******************************************************************************

## SECOND SUPPLEMENTAL AND AMENDING
## PETITION FOR DAMAGES

    **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Roderick Sherrod

on behalf of the minor AS, who hereby files this Second Supplemental and Amending Petition for

Damages by stating the following:

1.

    To supplement and amend Paragraph 1 to include the following:

"NAMED DEFENDANTS

1. **HALLMARK SPECIALTY INSURANCE COMPANY,** a foreign insurer, licensed and

authorized to do business in this state, who at all times material hereto, is believed to have provided

insurance coverage to WALLACE, RUSH, SCHMIDT, INC., who is believed to have charted the

bus and hired the driver Denis Yasmir Amaya-Rodriguez, who was driving the bus at the time of

the incident made the basis of this complaint.

2. **LOUISIANA SERVPRO, LLC,** a corporation licensed and authorized to business in this state,

who is believed to have provided workers that were on the bus at the time of the incident made the

basis of this complaint."

2.

    Plaintiff re-alleges and reiterates each and every allegation contained in their Original and

First Amended Petition for Damages against the defendants named therein, as if set forth herein *in*

*extensor*.

    **WHEREFORE**, plaintiff, Roderick Sherrod on behalf of the minor AS, prays that

Defendants, Hallmark Specialty Insurance Company and Louisiana Servpro, LLC, be duly cited

and served with this Second Supplemental and Amending Petition for Damages, that Defendants

be required to answer same, and that after the expiration of all legal delays and due proceedings

had, there be a judgment rendered herein in favor of Plaintiff and against Defendants in an amount

that is just and reasonable on these premises, with interest from date of judicial demand, until paid,

or as allowed by law, for all costs of these proceedings, and for general amicable relief.

Respectfully submitted:

DODSON & HOOKS, LLC

_____
Kenneth H. Hooks, III (#25097)
H. Price Mounger, III (#19077)
112 Founders Drive
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025
Email: Kenny@dodsonhooks.com
Email: Price@dodsonhooks.com

**PLEASE SERVE:**
(1) *Plaintiff's Petition for Damages, (2) Plaintiff's Amended Petition for Damages, and (3) Plaintiff's Second Supplemental and Amending Petition for Damages* to:

**HALLMARK SPECIALTY INSURANCE COMPANY**
*Through its registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**LOUISIANA SERVPRO, LLC**
*Through its registered Agent for Service of Process:*
David Anzelmo
55615 Crawford Street
New Orleans, LA 70123

**PLEASE SERVE:**
(1) *Plaintiff's Second Supplemental and Amending Petition to:*

**KRISTINA'S TRANSPORTATION, LLC**
*Through its Attorney of Record:*
Howard L. Murphy
Deutsch Kerrigan
755 Magazine Street
New Orleans, LA 70130

**WALLACE, RUSH, SCHMIDT, INC.**
*Through its Attorney of Record:*
Jesse Wimberly
Wimberly Law Firm
120 Lisa Lane
Mandeville, LA 70448

**[Additional service information on following page]**

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY**
*Through its Attorney of Record:*
Debra Fischman
Sher, Garner, Chaill, Richter, Klein & Hilbert, LLC
909 Poydras Street
Suite 2800
New Orleans, LA 70112

**NATIONAL GENERAL INSURANCE COMPANY**
*Through its registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

RODERICK SHERROD     *    SUIT NO. 651661   SECTION "D"
on behalf of the minor AS

                 *    19th JUDICIAL DISTRICT COURT

vs.

                 *    PARISH OF EAST BATON ROUGE

KRISTINA'S TRANSPORTATION, LLC,
WALLACE, RUSH, SCHMIDT, INC.,   *    STATE OF LOUISIANA
ET AL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>THIRD SUPPLEMENTAL AND AMENDING
PETITION FOR DAMAGES</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Roderick Sherrod

on behalf of the minor AS, who hereby files this Third Supplemental and Amending Petition for

Damages by stating the following:

1.

To supplement and amend Paragraph 1 to include the following:

"NAMED DEFENDANTS

1. **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,** a foreign

insurer, licensed and authorized to do business in this state, who at all times material hereto, is

believed to have provided insurance coverage to WALLACE, RUSH, SCHMIDT, INC., who is

believed to have charted the bus and hired the driver Denis Yasmir Amaya-Rodriguez, who was

driving the bus at the time of the incident made the basis of this complaint."

2.

Plaintiff re-alleges and reiterates each and every allegation contained in their Original and

First Amended Petition for Damages and Second Amended Petition for Damages against the

defendants named therein, as if set forth herein *in extensor.*

WHEREFORE, plaintiff, Roderick Sherrod on behalf of the minor AS, prays that

Defendant, National Union Fire Insurance Company of Pittsburg, PA, be duly cited and served

with this Third Supplemental and Amending Petition for Damages, that Defendants be required to

answer same, and that after the expiration of all legal delays and due proceedings had, there be a

judgment rendered herein in favor of Plaintiff and against Defendants in an amount that is just and

reasonable on these premises, with interest from date of judicial demand, until paid, or as allowed

by law, for all costs of these proceedings, and for general amicable relief.

[Signatures Appear on Next Page]

EBR411598

Respectfully submitted,

DODSON & HOOKS, LLC

Kenneth H. Hooks, III (#25097)
H. Price Mounger, III (#19077)
112 Founders Drive
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025
Email: Kenny@dodsonhooks.com
Email: Price@dodsonhooks.com

**PLEASE SERVE:**
(1) *Plaintiff's Petition for Damages*, (2) *Plaintiff's Amended Petition for Damages*, (3) *Plaintiff's Second Supplemental and Amending Petition for Damages and (4): Plaintiff's Third Supplemental and Amending Petition for Damages* to:

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA**
*Through its registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**PLEASE SERVE:**
(1) *Plaintiff's Third Supplemental and Amending Petition to:*

**KRISTINA'S TRANSPORTATION, LLC**
*Through its Attorney of Record:*
Howard L. Murphy
Deutsch Kerrigan
755 Magazine Street
New Orleans, LA 70130

**WALLACE, RUSH, SCHMIDT, INC.**
*Through its Attorney of Record:*
Jesse Wimberly
Wimberly Law Firm
120 Lisa Lane
Mandeville, LA 70448

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY**
*Through its Attorney of Record:*
Debra Fischman
Sher, Garner, Chaill, Richter, Klein & Hilbert, LLC
909 Poydras Street
Suite 2800
New Orleans, LA 70112

**NATIONAL GENERAL INSURANCE COMPANY**
*Through its registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**[Additional Service Information on Next Page]**

FILED
EAST BATON ROUGE PARISH, LA
2017 JUN -2 AM 11: 30
DEPUTY CLERK OF COURT

CERTIFIED TRUE AND
CORRECT COPY

JUN 06, 2017

East Baton Rouge Parish
Deputy Clerk of Court

**HALLMARK SPECIALTY INSURANCE COMPANY**
*Through its registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**LOUISIANA SERVPRO, LLC**
*Through its registered Agent for Service of Process:*
David Anzelmo
55615 Crawford Street
New Orleans, LA 70123

| RODERICK SHERROD | * | SUIT NO. 651661   SECTION "D" |
| on behalf of the minor AS | | |

RODERICK SHERROD  
on behalf of the minor AS

                       *        19th JUDICIAL DISTRICT COURT

vs.

                       *        PARISH OF EAST BATON ROUGE

KRISTINA'S TRANSPORTATION, LLC,  
WALLACE, RUSH, SCHMIDT, INC.,   *        STATE OF LOUISIANA  
ET AL

**********************************************************************

## ~~FIFTH~~ FOURTH SUPPLEMENTAL AND AMENDING
## PETITION FOR DAMAGES

    **NOW INTO COURT**, through undersigned counsel, comes Plaintiff Princess Sherrod

who hereby files this Fifth Supplemental and Amending Petition for Damages by stating the

following:

1.

    Named as additional defendants are the following:

A. **EDGAR EMILIO RUEDA-BETANCOURT,** believed to be a foreign national, illegally
domiciled in Louisiana and owner of North American Cleaning Crew LLC;

B. **NORTH AMERICAN CLEANING CREW, LLC,** a Louisiana Company registered
with the Secretary of State;

C. **SERVPRO OF METAIRIE, INC.,** also known as Environmental Coating Specialties,
Inc., a corporation not registered with the Secretary of State, but doing business in this state
(herein referred to as "ServPro.");

D. **EDWARD S. SCHMIDT,** a resident of the full age of majority of the state of Louisiana
parish of St. Tammany, whose address is 116 Acadian Lane, Mandeville, LA 70471.;

E. **DAVID RAY WALLACE,** a resident of the full age of majority of the state of Arkansas,
County of Mississippi, whose address is 503 East 3rd Street, Leachville, AR 72438;

F. **HOWARD J. RUSH, III,** a resident of the full age of majority of the state of Colorado,
County of Denver, whose address is 7001 Lincoln Street, Denver, CO 80202; and

G. **DENIS YASMIR AMAYA-RODRIGUEZ** ("Amaya-Rodriguez"), a person of the full
age of majority, who upon information and belief is a citizen of Honduras, currently
incarcerated in the St. John the Baptist jail, and who was operating the commercial motor
vehicle/bus, owned by Kristina's Transportation, LLC, at the time of this crash that is at
issue herein.

2.

    Defendant Wallace, Rush, Schmidt, Inc. ("WRS") is a staffing company that provides

temporary labor for disaster recovery and cleanup operations.

3.

    Based on information and belief, Edward S. Schmidt, David Ray Wallace and Howard J.

Rush, III are all owners, shareholders and/or officers of WRS and each is personally familiar with

and directs the company's operations (the "WRS Owners").

EBR4753279

4.

Defendant Edgar Emilio Rueda-Betancourt is an individual believed to be a foreign national, illegally domiciled in Louisiana, who owns and operates a business enterprise known as North American Cleaning Crew, LLC.

5.

Defendant ServPro is believed to be a company that contracts with WRS for its labor to provide clean up services to clients.

6.

Based upon information and belief, Defendant North American Cleaning Crew, LLC is a limited liability company improperly registered with the Louisiana Secretary of State, and believed to be the alter ego, business or trade name used by defendant Edgar Emilio Rueda-Betancourt to provide recruiting and other services for WRS and the WRS Owners and/or ServPro. Hereinafter, Edgar Emilio Rueda-Betancourt and his business entity North American Cleaning Crew, LLC will be jointly referred to as "Rueda-Betancourt."

7.

Defendant Denis Yasmir Amaya-Rodriguez ("Amaya-Rodriguez") is believed to be an undocumented foreign national illegally residing in the United States. At the time of the accident complained of herein, Amaya-Rodriguez was illegally operating a commercial motor vehicle/passenger bus without a valid driver's or chauffer's license and his negligence in operating the bus caused the crash and all resultant damages complained of herein.

8.

Based upon information and belief, the WRS Owners actively participated and had specific knowledge of the hiring and recruitment activities of WRS in Louisiana, including that of its employees and agents, specifically including those of Rueda-Betancourt.

9.

Based upon information and belief, the WRS Owners were personally involved with and/or had personal knowledge of the facts and circumstances surrounding the hiring and use Rueda-Betancourt to recruit temporary workers for WRS and were familiar with its hiring practices and methods.

10.

Rueda-Betancourt is alleged to have been the agent WRS used to hire Amaya-Rodriguez,

to perform the task assigned to them;

    d) Failing to ensure their employees, agents and/or subcontractors had the proper licenses, training and/or experience or equipment necessary to ensure a safe means of travel for the workers recruited for them;

    e) Failing to use the proper personnel for the job and task assigned;

    f) Failing to ensure the proper equipment was used for the task assigned and/or to carry passengers, and

    g) Other acts of negligence that will be discovered and/or shown at the trial of this matter.

17.

The WRS Owners and/or the WRS officer who hired Rueda-Betancourt and relied upon him were negligent in delegating their responsibility and entrusting the health and safety of their recruits to him. This negligence was a cause in fact of the accident and resulting damages described herein, making WRS and the WRS Owners liable for the resultant damages.

18.

Upon information and belief, the WRS Owners knew about the above referenced hiring practices and are therefore liable for all damages resulting therefrom.

19.

The actions and operations of, WRS, WRS Owners, Rueda-Betancourt, Amaya-Rodriguez and ServPro, all constitute a single business enterprise and those defendants are all solidarily liable for the damages caused resulting therefrom.

20.

Upon information and belief, WRS, the WRS Owners, Rueda-Betancourt and Servpro were negligent in their hiring practices in general, and in specifically the hiring of Denis Yasmir Amaya-Rodriguez, an undocumented alien without a valid license and without a chauffer's license, to drive a passenger bus with their recruited workers from New Orleans to the Baton Rouge area, and their negligence was a cause in fact of the accident and resultant damages complained of herein.

21.

Plaintiff re-alleges and reiterates each and every allegation contained in the Original, First, Second, Third, and Fourth Amended Petition for Damages against the defendants named therein, as if set forth herein *in toto*.

**WHEREFORE**, plaintiff, Princess Sherrod, prays that defendants all named defendants be duly cited and served with this *Fifth Supplemental and Amending Petition for Damages*, that all defendants be required to answer same, and that after the expiration of all legal delays and due proceedings had, there be a judgment rendered herein in favor of Plaintiff and against Defendants in an amount that is just and reasonable on these premises, with interest from date of judicial

demand, until paid, or as allowed by law, for all costs of these proceedings, and for general amicable relief.

Respectfully submitted:
DOTSON & HOOKS, LLC

Kenneth H. Hooks, III (#25097)
H. Price Mounger, III (#19077)
112 Founders Drive
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025

**PLEASE SERVE:**
(1) *Plaintiff's Petition for Damages, (2) Plaintiff's Amended Petition for Damages, (3) Plaintiff's Second Supplemental and Amending Petition for Damages, (4) Plaintiff's Third Supplemental and Amending Petition for Damages, (5) Plaintiff's Fourth Supplemental and Amending Petition for Damages and (6) Plaintiff's Fifth Supplemental and Amending Petition for Damages* upon the following:

**EDGAR EMILIO RUEDA-BETANCOURTH**
2630 Lexington Avenue
Kenner, LA 70062

**NORTH AMERICAN CLEANING CREW, LLC**
Through its registered agent for service:
Edgar Emilio Rueda-Betancourth
2630 Lexington Avenue
Kenner, LA 70062

**EDWARD S. SCHMIDT**
116 Acadian Lane
Mandeville, LA 70471

**DAVID RAY WALLACE** *(\*Please prepare Long-Arm Citation)*
*Via Long Arm Service:*
503 East 3rd Street
Leachville, AR 72438

**HOWARD J. RUSH, III** *(\*Please prepare Long-Arm Citiation)*
*Via Long Arm Service:*
7001 Lincoln Street
Denver, CO 80202



**DENIS YASMIR AMAYA-RODRIGUEZ,**
Through personal service on Major Jimmy Oubre or his designee for that shift,
St. John the Baptist Parish Prison
100 Deputy Barton Granier Drive
LaPlace, LA 70068

Please Note: Service shall be made through personal service on Major Jimmy Oubre or his designee for that shift, who shall in turn make personal service on **DENIS YASMIR AMAYA-RODRIGUEZ**, in accordance with La. C.C.P. art 1235.1

**SERVPRO OF METAIRIE, INC.**
933 Industry Road, Suite 101
Kenner, LA 70062

**SERVPRO OF METAIRIE, INC.**
*Through its Registered Agent for Service of Process:*
Kerry E. Walters
1301 Edwards Ave., Suite B
Harahan, LA 70123

**PLEASE SERVE:**
(1) *Plaintiff's Fifth Supplemental and Amending Petition for Damages to:*

**KRISTINA'S TRANSPORTATION, LLC**
*Through its Attorney of Record:*
Howard L. Murphy
Deutsch Kerrigan
755 Magazine Street
New Orleans, LA 70130

**WALLACE, RUSH, SCHMIDT, INC.**
*Through its Attorney of Record:*
Jesse Wimberly
Wimberly Law Firm
120 Lisa Lane
Mandeville, LA 70448

**NATIONAL LIABILITY & FIRE INSURANCE COMPANY**
*Through its Attorney of Record:*
Debra Fischman
Sher, Garner, Chaill, Richter, Klein & Hilbert, LLC
909 Poydras Street
Suite 2800
New Orleans, LA 70112

**NATIONAL GENERAL INSURANCE COMPANY**
*Through its Attorney of Record:*
Randall C. Mulcahy
900 Poydras Street, Suite 1800
New Orleans, LA 70112

**HALLMARK SPECIALTY INSURANCE COMPANY**
*Through its registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**LOUISIANA SERVPRO, LLC**
*Through its registered Agent for Service of Process:*
David Anzelmo
5615 Crawford Street
Jefferson, LA 70123