# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PRINCESS SHERROD,**
**ON BEHALF OF THE MINOR A.S.**                **CIVIL ACTION**

**VERSUS**                                      **NO. 18-746-SDD-EWD**

**WALLACE, RUSH, SCHMIDT, INC.,**
**EDWARD S. SCHMIDT, DAVID RAY**
**WALLACE, AND HOWARD J. RUSH, III**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PRINCESS SHERROD,**
**ON BEHALF OF THE MINOR A.S.**                         **CIVIL ACTION**

**VERSUS**                                                              **NO. 18-746-SDD-EWD**

**WALLACE, RUSH, SCHMIDT, INC.,**
**EDWARD S. SCHMIDT, DAVID RAY**
**WALLACE, AND HOWARD J. RUSH, III**

**MAGISTRATE JUDGE'S RULING AND ORDER ON CONTINGENT MOTION FOR**
**LEAVE TO AMEND AND/OR FOR ENLARGMENT OF TIME AND**
**REPORT AND RECOMMENDATION ON MOTION TO REMAND AND/OR ABSTAIN**

Before the Court is a Motion to Remand and/or Abstain (hereinafter, the "Motion to Remand") filed by Plaintiff Princess Sherrod, on behalf of the Minor, A.S. ("Plaintiff").[1] Defendants Edward S. Schmidt ("Schmidt"), David Ray Wallace ("Wallace"), and Howard J. Rush, III ("Rush") (collectively, "the WRS Principals") have filed an Opposition and Contingent Motions for Leave to Amend and/or For Enlargement of Time ("Motion to Amend").[2] Plaintiff has filed a Reply.[3]

For the following reasons, the Motion to Amend[4] is **GRANTED.** The undersigned further recommends[5] that the Motion to Remand[6] be **GRANTED**, and that this matter be equitably **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State

---

[1] R. Doc. 4.
[2] R. Doc. 11.
[3] R. Doc. 15.
[4] R. Doc. 11, p. 7.
[5] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, No. 14-30925, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the Motion to Remand.
[6] R. Doc. 4.

of Louisiana pursuant to 28 U.S.C. § 1452(b),[7] and/or that the Court **ABSTAIN** from presiding over this matter pursuant to 28 U.S.C. §1334(c)(1).[8] The undersigned further recommends that Plaintiff's request for costs and attorney's fees[9] be **DENIED.**

## I.    Facts and Procedural Background

This is a civil action involving claims for damages based upon injuries allegedly sustained by, and the subsequent death of, Jermaine Starr ("Decedent"), the father of the minor A.S.  Plaintiff is A.S.'s mother and natural tutor[10] under Louisiana law.[11]  The pertinent facts giving rise to Plaintiff's claims are straightforward:   On the morning of August 28, 2016, a commercial bus owned by Kristina's Transportation ("Kristina's") was being driven westbound on Interstate 10 in St. John the Baptist Parish by Denis Yasmir Amaya Rodriquez ("Rodriquez"). Rodriquez allegedly struck the 2012 Toyota Camry in which Decedent was a passenger (the "Accident"),[12] which caused Decedent to suffer injuries that eventually resulted in his death.[13]

On September 23, 2016,[14] Plaintiff filed her original Petition for Damages ("Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against several defendants, including Kristina's, as the owner of the bus and/or employer of Rodriquez; Wallace,

---

[7] 28 U.S.C. § 1452(b) provides: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

[8] 28 U.S.C. § 1334 (c)(1) provides:  "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

[9] R. Doc. 4-1, pp. 1, 12.

[10] At the time of the filing of the original Petition for Damages, Ms. Sherrod was herself a minor and therefore Ms. Sherrod's father filed suit in his representative capacity as court-appointed provisional tutor of A.S., his minor grandchild.  *See* Amended Petition for Damages at R. Doc. 1-2, p. 10, introductory paragraph, and R. Doc. 1, p. 1, n. 1.  However, once Ms. Sherrod reached the age of majority, the state court permitted her to be substituted as Plaintiff as the natural tutor of A.S.  *See* R. Doc. 1-4.

[11] R. Doc. 1-2, p. 4-5, ¶¶ 9, 12-13 and R. Doc. 1-4.

[12] R. Doc. 1-2, p. 4, ¶¶ 5, 7.

[13] R. Doc. 1-2, p. 4, ¶ 9.

[14] R. Doc. 4-3, p. 1.

Rush, Schmidt, Inc. ("WRS"), as the alleged employer of Rodriquez; National Liability Fire and Insurance Company ("National Liability"), the insurer of Kristina's and/or Rodriquez; National General Insurance Company, the insurer of the Camry's driver; and, ABC Insurance Company, the then-unknown insurer of WRS and/or Rodriquez.[15] In the Petition, Plaintiff asserted wrongful death and survival claims arising out of Decedent's injuries and death based on (1) Rodriquez's negligence in operating the bus while in the course and scope of his employment with Kristina's and/or WRS,[16] (2)(a) Kristina's and/or WRS's responsibility for the alleged acts of their employee/agent Rodriquez while in the course and scope his employment, and (2)(b) their alleged negligence in hiring and/or supervising Rodriquez.[17]  Plaintiff also asserted a direct action against the insurance companies for recovery under the applicable policies of insurance.[18]

Plaintiff subsequently filed three additional Amended Petitions,[19] which did not amend or supplement the substantive allegations described above but merely added the following defendants:  Hallmark Specialty Insurance Company and National Union Fire Insurance Company of Pittsburg, PA, as the alleged insurers of WRS; and Louisiana Servpro, LLC, who is alleged to have provided the workers that were on the bus at the time of the Accident.[20]

On March 24, 2017, WRS filed a petition for Chapter 11 bankruptcy ("the Bankruptcy Proceeding" or "the Bankruptcy") in the United States Bankruptcy Court for the Eastern District of Louisiana ("the Bankruptcy Court").[21]  On June 27, 2017, the Bankruptcy Court lifted the stay

---

[15] R. Doc. 1-2, p. 1.
[16] R. Doc. 1-2, p. 4-5, ¶¶ 10-13.
[17] R. Doc. 1-2, p. 5-6, ¶¶ 11-15.
[18] R. Doc. 1-2, pp. 7-8, ¶¶ 16-18.
[19] R. Doc. 1-2, pp. 10-18 (Amended Petition); pp. 19-21 (Second Supplemental and Amending Petition); and pp. 22-24 (Third Supplemental and Amended Petition).
[20] R. Doc. 1-2, pp. 19, 22.
[21] *In Re Wallace, Rush, Schmidt, Inc*., No. 17-10698 (Bankr. E.D. La. Mar. 24, 2017), R. Doc. 1.

and allowed Plaintiff to proceed with her claims in the state court,[22] but ordered that Plaintiff could not enforce any judgment obtained against WRS without Bankruptcy Court approval.[23]  Plaintiff filed her proof of claim in the bankruptcy proceeding on January 11, 2018.[24]

On May 11, 2018, Plaintiff sought and was ultimately granted leave by the state court to file the Petition pertinent to the instant Motion to Remand, *i.e.*, her Fourth Supplemental and Amended Petition ("Fourth Petition").[25]  In the Fourth Petition, Plaintiff re-avers and re-alleges all of her prior allegations set forth in the previous Petitions,[26] and further alleges the following additional facts:  Rodriquez, the driver, was allegedly recruited by Edgar Emilio Rueda-Betancourt ("Betancourt"), the owner of North American Cleaning Crew, LLC ("North American") to drive the bus, which was transporting potential workers (also recruited by Betancourt and/or North American) from New Orleans to Baton Rouge.[27]  Betancourt allegedly chartered the bus and recruited the workers on behalf of WRS for possible temporary work positions.[28]  According to Plaintiff, WRS is "a staffing company that provides temporary labor for disaster recovery and cleanup operations."[29]

Further, Plaintiff named additional defendants, to-wit:  ServPro of Metairie, Inc. ("ServPro"), who allegedly contracted with WRS for labor to staff and provide clean-up services to clients; Betancourt and his alter ego North American, as the agent of WRS or ServPro, who

---

[22] *See* R. Doc. 4-18, p. 4, wherein the Bankruptcy Court stated that, as is its general practice in these types of cases, it "lifted the stay to allow the litigation to proceed to judgment in state court, with the claimants then directed to return to this court in the event they were successful in obtaining a judgment against the debtor."  This is because "bankruptcy courts may not rule on the 'liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of a distribution in case under title 11,'" *citing* 28 U.S.C. § 157(b)(2)(B).
[23] 17-10698 (Bankr. E.D. La. Mar. 24, 2017) at R. Doc. 88.  The bankruptcy docket reveals that Plaintiff is one of many plaintiffs who have asserted claims against WRS arising from the Accident.
[24] 17-10698 (Bankr. E.D. La. Mar. 24, 2017) at Claim 11-1.
[25] R. Doc. 4-5.  The Fourth Petition attached to the Notice of Removal (*i.e.,* R. Doc. 1-2, pp. 25-29) is incomplete.
[26] R. Doc. 4-5, ¶ 21.
[27] R. Doc. 4-5, ¶ 10.
[28] R. Doc. 4-5, ¶¶ 10-11.
[29] R. Doc. 4-5, ¶ 2.

hired Rodriquez and recruited the workers being transported; and the WRS Principals, individually, as the owners, shareholders, and/or officers of WRS, who allegedly participated in and had knowledge of the hiring and recruitment activities of WRS, including those of WRS's alleged agents, Betancourt and North American; and finally, Rodriquez, the driver of the bus.[30] Plaintiff raised new claims against the new defendants, as follows: WRS, the WRS Principals and ServPro negligently hired and used Betancourt as their agent to recruit and arrange transportation for workers for WRS, and Betancourt's negligence resulted in the negligent hiring of Rodriquez, an unlicensed driver who caused the Accident.[31]  Plaintiff further claimed that the activities of WRS, the WRS Principals, ServPro, Betancourt and Rodriquez all constituted a single business enterprise that gave rise to solidary liability.  Plaintiff requested service on all of the named defendants, specifically including service pursuant to the Louisiana long arm statute of all of the Petitions on Wallace and Rush, and personal service of all of the Petitions on Schmidt at a Louisiana address.[32]

On August 4, 2018, the WRS Principals removed the matter to this Court solely on behalf of themselves and WRS.[33]  In their Notice of Removal, the WRS Principals allege that this Court has jurisdiction pursuant to 28 U.S.C. §1334, as this matter is "related to" a case under Title 11, *i.e.*, WRS's Bankruptcy Proceeding, because the outcome of Plaintiff's claims against WRS and the WRS Principals herein can have an effect on the bankruptcy estate of WRS, in that "the outcome could alter, positively or negatively, the debtor's rights, liabilities, options or freedom of

---

[30] R. Doc. 4-5, pp. 3-6.
[31] R. Doc. 4-5, ¶¶ 12-15, 17-18, 20.
[32] R. Doc. 4-5, pp. 7-8.  The WRS Principals first removed this proceeding to the United States District Court for the Eastern District of Louisiana two days before initiating removal to this Court.  *See In Re Wallace, Rush, and Schmidt, Inc.,* No. 18-6851 (E.D. La.), R. Doc. 6 ("Notice of Removal" with Clerk Entry: "DOCUMENT FILED IN ERROR: ATTORNEY WILL RE-FILE AS A NEW CIVIL ACTION").
[33] R. Doc. 1.

action or could influence the administration of the bankrupt estate."[34]  The WRS Principals allege that Plaintiff filed a proof of claim in WRS's Bankruptcy on January 11, 2018, which brought her claims against WRS and the WRS Principals under the federal court's jurisdiction.  Moreover, according to the WRS Principals, Plaintiff's filing of a proof of claim means that her claims "are now a core proceeding under the Bankruptcy Code."[35]

The WRS Principals allege that they have properly removed the matter to this Court pursuant to 28 U.S.C. § 1452, which allows "removal of claims related to bankruptcy cases" to the district court for the district where such civil action is pending (*i.e*., this Court), "if such district court has jurisdiction of such ...cause of action under section 1334...."  They allege that WRS consents to the removal, and because the matter is removed under 28 U.S.C. § 1452, which is "claim-specific and party-specific," the consent of the other Defendants to the removal of the state court proceeding is not necessary.[36]  The WRS Principals further allege that the removal was timely pursuant to Fed. R. Bankr. P. 2027 because although they were named defendants in the May 18, 2018 Fourth Petition,[37] the records of the clerk of the Nineteenth Judicial District showed no service of that Fourth Petition on the WRS Principals as of the date of the removal; thus, "fewer than thirty days have passed since service of the Defendants."[38]

The WRS Principals assert that claims against WRS have been brought by many plaintiffs in many cases and venues, and adjudicating the issue of WRS's liability in this Court would facilitate a consistent result, judicial expediency, centralization of the claim, and protection of WRS's estate from frivolous claims.[39]  Considering this Court's "unique ability" to facilitate a

---

[34] R. Doc. 1, ¶¶ 5-6.
[35] R. Doc. 1, ¶¶ 9-10 *and see* Claim 11-1, No. 17-10698 (Bankr. E.D. La. Mar. 24, 2017).
[36] R. Doc. 1, ¶¶ 6-7 *citing Orion Refining Corp. v. Fluor Enterprises, Inc*., No. 04-570, 319 B.R. 480 (E.D. La. June 17, 2004).
[37] R. Doc. 4-5, pp. 3-8.
[38] R. Doc. 1, ¶¶ 2, 13.
[39] R. Doc. 1, ¶¶ 11, 14.

consistent result, etc., the WRS Principals essentially request that, if this Court finds that their deadline to remove had expired at the time of removal, the Court enlarge the period by which the WRS Principals had to remove Plaintiff's claims against them and WRS pursuant to Fed. R. Bankr. P. 9006(b), "as any delay was the result of excusable neglect."[40]

On August 10, 2018, Plaintiff filed the instant Motion to Remand, seeking the remand of this proceeding back to the Nineteenth Judicial District Court on grounds that the removal was not timely. Alternatively, Plaintiff seeks equitable remand and/or for the Court to permissively abstain from hearing the case. Plaintiff also seeks fees and costs under 28 U.S.C. § 1447(c).

The WRS Principals oppose the Motion to Remand. As to timeliness, the WRS Principals concede that removal was not timely as to Wallace, who was served more than 30 days before the case was removed. The WRS Principals argue, however, that they have filed an amended Notice of Removal[41] such that Wallace is no longer named as a removing party. To the extent the Court believes that leave was necessary to amend the Notice of Removal, the WRS Principals seek leave. To the extent the Court believes the removal was not timely, the WRS Principals seek enlargement of the time period to remove. The WRS Principals also oppose permissive abstention or equitable remand, as well as any award of fees and costs.

## II.    Law and Argument

### A.  Legal Standards

#### 1.  'Related-to' Bankruptcy Jurisdiction

The bankruptcy jurisdiction of the district courts and bankruptcy courts is conferred by 28 U.S.C. § 1334. Section 1334(a) provides for exclusive jurisdiction "of all cases under title 11."[42]

---

[40] R. Doc. 1, ¶ 14.
[41] R. Doc. 10.
[42] 28 U.S.C. § 1334(a).

Under Section 1334(b), the district courts have original, but not exclusive, jurisdiction "of all proceedings arising under title 11, or arising in or related to cases under title 11."[43]  Bankruptcy jurisdiction thus extends to four classes of cases: cases under title 11, proceedings arising under title 11, proceedings arising in title 11 cases, and proceedings related to cases under title 11.[44] Further, as with removals pursuant to 28 U.S.C. § 1446, jurisdiction is determined at the time of removal "under the much broader grant of 'related to' bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a)."[45]

The Fifth Circuit has explained that, in determining whether jurisdiction exists, it is necessary to determine only whether a matter is at least "related to" the bankruptcy:

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy. The Act does not define 'related' matters. Courts have articulated various definitions of 'related', but the definition of the Court of Appeals for the Third Circuit appears to have the most support: 'whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'[46]

Based on the foregoing expansive definition, it appears that this Court had related-to jurisdiction at the time of removal, which was pre-plan confirmation, because the outcome of this matter could conceivably have had an effect on WRS's estate at that time.  Moreover, the Court has retained related-to jurisdiction, despite that WRS's Chapter 11 Plan has since been confirmed post-removal, as the Fifth Circuit has held that "Section 1334 does not expressly limit bankruptcy jurisdiction

---

[43] 28 U.S.C. § 1334(b).

[44] *Orion,* 319 B.R. 480 *citing Matter of Wood,* 825 F.2d 90, 92 (5th Cir. 1987).

[45] *In re Enron Corp. Securities, Derivative & "Erisa" Litigation,* No. 01-3624, 2005 WL 6220721, at *4 (S.D. Tex. July 25, 2005) *citing California Public Employees' Retirement System v. WorldCom, Inc.,* 368 F.3d 86, 93 (2d Cir. 2004) ("jurisdiction is established based on the facts at the time of removal") (subsequent history omitted).

[46] *Matter of Wood,* 825 F.2d at 93.

upon plan confirmation"[47] and that "subsequent events [including plan confirmation] [can]not divest the district court of that subject matter jurisdiction."[48]  Thus, this Court had, and continues to have, 'related to' subject matter jurisdiction.[49]

      2.  Timeliness of Removal

"Because the Court has 'related to' jurisdiction pursuant to § 1334(b), the entire body of the Federal Rules of Bankruptcy Procedure…applies to this action."[50]  Regarding the applicable time period for removal, Plaintiff herein asserted her claims against the WRS Principals, *i.e*., the removing parties, in her May 18, 2018  Fourth Petition, which was filed in the state court *after* WRS commenced its March 24, 2017 Bankruptcy Proceeding.[51]  Therefore, it appears that Fed. R. Bankr. P. 9027(a)(3) applies.[52]  Rule 9027(a)(3)provides that, if a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.[53]

---

[47] *In re Enron Corp. Securities*, 535 F.3d 325, 335-336 (5th Cir. 2008) (holding that plan confirmation does not divest a district court of bankruptcy jurisdiction over pre-confirmation claims based on pre-confirmation activities that properly had been removed pursuant to "related to" jurisdiction.).

[48] *In re Enron Corp. Securities,* 535 F.3d at 336, *citing In re Celotex Corp.,* 124 F.3d 619, 626 (4th Cir. 1997).

[49] No party disputes jurisdiction.

[50] *Lentz v. Trinchard*, 730 F.Supp.2d 567, 577 n. 33 (E.D. La. Aug. 2, 2010) (*citing In re Celotex Corp.*, 124 F.3d at 629 ("We have determined that this case is properly in federal district court on 'related to' jurisdiction under § 1334(b). The entire body of Bankruptcy Rules, therefore, applies to this action."); *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1236-38 (3rd Cir. 1994) (analyzing history and current language of bankruptcy rules and finding that "the Bankruptcy Rules govern non-core, "related to" proceedings before a district court…."); *Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1243-44 (7th Cir. 1990) (same)).

[51] No. 17-10698, (Bankr. E.D. La.), R. Doc. 1.

[52] *See, e.g., Sonnier v. HESCO Bastion USA, LLC*, No. 12-00728, 2013 WL 5350853, at *4 (M.D. La. Sept. 23, 2013) (holding that Fed. R. Bankr. P. 9027(a)(3) applies when "the bankruptcy proceeding was initiated in January 2004 and the state court pleading triggering removal was served after that date.")

[53] *See also* the analogous provisions at 28 U.S.C. § 1441(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the

**B. Removal by Rush and Schmidt Was Timely**

    1. Wallace's removal was untimely

The case was originally removed by Wallace, Rush and Schmidt.[54] Plaintiff contends that Wallace was served via the Louisiana long arm statute[55] and the evidence shows a return of long arm service on Wallace dated June 14, 2018.[56] In their Opposition, the WRS Principals ultimately admit that Wallace's removal was untimely.[57] Although removal by Wallace was untimely, this defect in the initial Notice of Removal has effectively been cured. The WRS Principals filed an Amended Notice of Removal which deleted Wallace as a removing party.[58] Rush and Schmidt alternately sought leave of Court to file the Amended Notice.[59] While the Fifth Circuit has not specifically addressed the question of the time period for amendment of removal notices under Fed. R. Bankr. P. 9027(a)(3), it has held that removing parties "may freely" amend a notice of removal within the 30-day removal period set out in the analogous removal statute, 28 U.S.C. § 1446(b).[60] Thus, the question becomes whether the Amended Notice of Removal was timely.[61]

    2. The 30-day removal period never started as to Rush or Schmidt

Plaintiff argues that the 30-day removal period also began to run in mid-June 2018 as to Rush and Schmidt when copies of the state court Petitions were received by counsel for the WRS Principals because those copies constituted service in the manner contemplated by Fed. R. Bankr. P. 9027(a)(3)'s "receipt, through service or other otherwise" language.[62] Plaintiff also argues that

---

service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")

[54] R. Doc. 1.

[55] R. Doc. 4-1, pp. 3, 7 and R. Doc. 4-6.

[56] R. Doc. 4-6, p. 2.

[57] R. Doc. 11, pp. 6-7.

[58] R. Doc. 10.

[59] R. Doc. 11, p. 7 and R. Doc. 11-3.

[60] R. Doc. 11, p. 7; *Nogess v. Poydras Center, LLC et al,* No. 16-15227, 2017 WL 1421626 at *1 (E.D. La. April 21, 2017) *citing Richardson v. United Steel Workers of America,* 864 F.2d 1162, 1165 (5th Cir. 1989).

[61] To the extent leave is necessary, the Amended Notice and the request for leave were filed the same date.

[62] R. Doc. 4-6, pp. 6-7.

the United States Supreme Court's *Murphy Bros.* decision is distinguishable.[63] Plaintiff alternatively asserts that counsel for the WRS Principals waived service and/or accepted service of process on behalf of Rush and Schmidt in June 2018, more than thirty days before removal,[64] and thus, the August 2018 removal was untimely.

In opposition, the WRS Principals argue that the 30-day removal period is not triggered by their receipt of courtesy copies of the Petitions pursuant to *Murphy Bros.*[65] and that counsel did not accept service of process on behalf of Rush and Schmidt, nor did any of the communications from counsel rise to the level of a waiver of service; therefore, removal by Rush and Schmidt was timely because the 30-day removal period never began (and still has not begun) to run as to either of them.[66]

The undersigned agrees with the WRS Principals. First, as to the receipt of courtesy copies, *Murphy Bros.* is clear and explicit; that is, in the absence of a waiver,[67] counsel's receipt of courtesy copies of the state court Petitions, without formal service of a summons, is not sufficient service to start the 30-day removal clock. *See also, Thompson v. Deutsche Bank Nat. Tr. Co.*:

> These statutes [28 U.S.C. § 1441 and 28 U.S.C. § 1446] clearly provide that a defendant's right to removal runs from the date on which it is formally served with process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Put another way, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350, 119 S.Ct. 1322. A defendant has no obligation to appear in court or defend an action *before* it is formally served with process

---

[63] R. Doc. 15, pp. 4-5
[64] R. Doc. 15, pp. 1, 5.
[65] R. Doc. 11, pp. 2-4.
[66] R. Doc. 11, pp. 5-6.
[67] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350-51, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights"). While *Murphy Bros.* did not involve removal on the basis of related-to bankruptcy jurisdiction, Plaintiff has not provided any authority that would indicate that this reasoning does not also apply to service of process in removed bankruptcy matters as well.

directing it to appear before that forum. *Id.* Only after a party is subject to the powers of a court, must it seek to effect removal. To the point, the defendant in *Murphy Brothers* was *aware* of the pending litigation when it received a courtesy copy of the complaint from the plaintiff, but the defendant was not required to remove the action until it was formally served. *See id.* at 347–48, 119 S.Ct. 1322.[68]

Plaintiff's attempt to distinguish *Murphy Bros.* from the facts herein, *i.e.*, that a non-attorney received courtesy copies in *Murphy Bros.*, versus attorneys receiving them herein, is not persuasive. As the Fifth Circuit has recognized, formal service *upon a defendant* is required for that defendant to be obligated to appear in court, defend the action, or effect removal. There is no evidence of formal service on Rush and Schmidt in the state court record nor has Plaintiff provided evidence of such service in connection with the Motion to Remand.

Second, in removed actions, the sufficiency of service of process and the waiver thereof is determined by state law.[69] Accordingly, in this case,[70] Louisiana law governs waivers of service. Article 1201 of the Louisiana Code of Civil Procedure provides:

> A. Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null.

---

[68] 775 F.3d 298, 302–03 (5th Cir. 2014)(emphasis in original). Plaintiff's authority, *Nase v. TECO Energy, Inc.*, No. 09-7659, 2010 WL 924290 (E.D. La. March 9, 2010), is factually distinguishable because in that case, the initial service of the summons on the removing party TECO and its effect on the commencement of the 30-day removal period was not at issue. Rather, the plaintiff's state court action against TECO was commenced in February 2004; TECO tried to remove it after the plaintiff's bankruptcy proceeding was re-opened in 2009. *Id.* at *1. The *Nase* Court held that TECO was in possession of other paper, *i.e.*, Nase's bankruptcy filings, which TECO attached to state court exceptions, from which it could have ascertained that the action was removable forty-five days before removal. The removal was thus untimely under 28 U.S.C. § 1446(b), to the extent that statute applied. Additionally, the court held that Fed. R. Bankr. P. 9027(a)(2)'s requirement that a notice of removal must be filed within ninety days of an order for relief in a bankruptcy case that commences during the pendency of a civil action also foreclosed removal (to the extent that statute applied). *Id.* at *2. Fed. R. Bankr. P. 9027(a)(2) is not at issue here.

[69] *City of Clarksdale v. Bellsouth Telecommunications, Inc.,* 428 F.3d 206, 210–11 (5th Cir. 2005) (referencing *Murphy Bro.*'s analysis of the procedures of various states for initiating suits and holding that service of process is defined by state law) *and see Bebee v. Motorola Solutions, Inc.,* No. 16-763, 2017 WL 1180428, at *2 (S.D. Tex. Mar. 29, 2017) (*citing Clarksdale* and looking to Texas law to determine if the removing defendant waived its right to service).

[70] *See Russell v. Gray*, No. 15-106, 2015 WL 9258731, at *1 (S.D. Miss. Dec. 14, 2015) (applying *Clarksdale* and looking to state law regarding sufficiency of service in a case removed on the basis of related-to jurisdiction).

B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.

C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver….

Thus, under Louisiana law, a waiver of service must be express and written. There is no evidence of any express written waivers of service by counsel for Rush or Schmidt on behalf of either of their clients. Counsels' acknowledged receipt of the Petitions (*e.g.*, "I just received your fourth or fifth amended petition"),[71] requests for extensions of time to respond (*e.g.*, "I would like to obtain an informal extension of time to respond on their behalf"),[72] knowledge of the Petitions and/or discussions of the case,[73] or negotiations on behalf of their clients,[74] did not constitute express written waivers of service.[75] [76]  Plaintiff herein has not presented evidence even referencing a waiver of service, much less expressly waiving service on behalf of Rush or Schmidt.[77]

---

[71] R. Doc. 4-7.

[72] R. Doc. 4-11.

[73] R. Doc. 4-1, pp. 4-5, 7.

[74] R. Doc. 15, pp. 2,4.

[75] *See, e.g., Johnson v. Brown,* 2003-0679 (La. App. 4 Cir. 6/25/03), 851 So.2d 319, 326 (a letter of acknowledgment of receipt of a demand letter with a copy of the petition enclosed was not an express waiver of service) and *Igbinoghene v. St. Paul Travelers Ins. Co.,* 2011-0124 (La. 4/4/11), 58 So.3d 452, 453 (neither ongoing negotiations nor defendant's actual knowledge of the filing of the action obviated the need for timely service of the action on the defendant).

[76] This is also not a situation wherein counsel for the WRS Principals volunteered to waive service *in exchange for* an extension of time. *See e.g., US Bank Nat. Ass'n v. Budnick,* 626 F. App'x 438, 440 (5th Cir. 2015) (holding that the defendants' voluntary offer to the plaintiff "to overlook this defective service of process provided that [plaintiff]….agree to provide [defendants] with an adequate extension [sic] of time to respond to this Civil Action properly" was an enforceable waiver of service sufficient to defeat the defendants' Fed. R. Civ. P. 60(b) motion to set aside a default judgment on the basis of insufficient service).

[77] Further, while counsel for the WRS Principals stated that he "plann[ed] on filing responsive pleadings for them as soon as I have a complete set of the pleadings" and requested that Plaintiff's counsel send him a copy of same, responsive pleadings were not filed in the state court action. (R. Doc. 4-8) Even if responsive pleadings had been filed, such filings still may not have constituted an adequate express waiver of service under La. C.C.P. art. 1201. *See Vicedomini v. Pelts & Skins,* 2001-2268 (La. App. 1 Cir. 2/15/02), 808 So.2d 867, 872 (subsequent history omitted) ("Very simply, the acts of raising defenses in an answer and conducting discovery do not constitute an express written waiver.").

Additionally, the WRS Principals' alternative request to this Court for an extension of time to remove this matter does not constitute an implied acceptance of service sufficient to effect waiver, as Plaintiff contends.[78]  Nor does the undersigned find that Jesse Wimberly's June 20, 2018 email constitutes an acceptance of service.  That email does not expressly reference the issue of service at all.  The email states, "My information indicates they have not been served with your supplemental petitions," requests a complete copy of all petitions, and states that counsel plans to file responsive pleadings.  While it is not necessarily unreasonable that Plaintiff's counsel would have read this to assume counsel for Rush and Schmidt was accepting service, there simply is no express acceptance.[79]

Since counsels' receipt of courtesy copies of the Petitions is not sufficient service of process to begin the time period for removal and there is no evidence of actual service or an express waiver of service of process by or on behalf of Rush or Schmidt, the Court finds that the 30-day removal period did not, and has not, begun to run, against Rush or Schmidt.  Consequently, the WRS Principals' Contingent Motion for Leave to File the Amended Notice of Removal is granted.[80]  As the removal by Rush and Schmidt was timely, remand is not appropriate on that basis.

### C. This Court Should Equitably Remand and/or Permissively Abstain from Exercising Jurisdiction Over This Matter

While remand is not warranted based on Plaintiff's argument that removal was not timely, the undersigned finds that equitable remand and/or permissive abstention is appropriate in this case as many of the factors to be considered weigh in favor of this result.

---

[78] R. Doc. 15, p. 5.
[79] R. Doc. 15, p. 2.
[80] Enlargement of the time period to remove is not necessary.

Although 28 U.S.C. § 1452(a) provides for removal of a claim if the district court has jurisdiction over it under 28 U.S.C. § 1334, 28 U.S.C. § 1452(b) provides that a federal district court may remand such removed action "on any equitable ground."[81]  Similarly, under 28 U.S.C. § 1334(c)(1), this Court may determine that it should permissively abstain from entertaining certain bankruptcy-related matters.  28 U.S.C. § 1334(c)(1) provides that, except with respect to cases under chapter 15 of title 11, which does not apply here, a district court "in the interest of justice, or in the interest of comity with State courts or respect for State law" may abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11. This section grants "the district court broad power to abstain whenever appropriate."[82]  A court may abstain at its discretion from deciding either core or non-core proceedings under §1334(c)(1) if the interests of justice, comity, or respect for state law so require.[83]  The factors that a district court considers to determine whether it should permissively abstain are the same factors that support equitable remand under 28 U.S.C. § 1452.[84] Therefore, the Court considers permissive abstention[85] and equitable remand together.

In *Browning v. Navarro,*[86] the Fifth Circuit listed the following eight factors for consideration for equitable remand ("the *Browning* factors"): (1) forum non conveniens; (2) if the

---

[81] *Adelsflugel v. Consolidated Aluminum Corp.,* No. 13-811, 2014 WL 4181002, at *2 (M.D. La. Aug. 20, 2014).
[82] *Matter of Wood,* 825 F.2d at 93.
[83] *Matter of Gober,* 100 F.3d 1195, 1206 (5th Cir. 1996).
[84] *Adelsflugel,* 2014 WL 4181002 at *2 *citing Nase,* 2010 WL 924290 at *4 ("The Court finds that equitable remand and permissive abstention are appropriate in this case pursuant to 28 U.S.C. §§ 1334(c)(1) and 1452(b)."); *Orion,* 319 B.R. at 488–89 ("The factors that a district court considers to determine whether it should permissively abstain also support equitable remand under 28 U.S.C. § 1452."); and *Borne v. New Orleans Health Care, Inc.,* No. 89-3249, 116 B.R. 487, 494 (E.D. La. May 21, 1990) ("[T]he considerations underlying discretionary abstention and remand are the same.").
[85] Plaintiff does not argue that mandatory abstention is warranted so only permissive abstention is considered.  Even if argued, mandatory abstention would not be appropriate in this case.  *See Abraham v. Smith,* No. 15-0036, 550 B.R. 314, 321 (N.D. Miss. Mar. 7, 2016) ("Under § 157(b)(4), mandatory abstention under § 1334(c)(2) does not apply to non-core personal injury tort suits against the bankruptcy estate.") (citations omitted).
[86] *Firefighters' Ret. Sys. v. Consulting Group Services, LLC,* No. 14-103, 541 B.R. 337, 353 (M.D. La. Sept. 14, 2015) *citing Browning,* 743 F.2d 1069, 1076 fn. 21 (5th Cir. 1984).

civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and, (8) a lessened possibility of an inconsistent result.[87]  When the issue is equitable remand and the appropriateness of permissive abstention under § 1334(c)(1), some district and bankruptcy courts cite these eight factors, others cite a list of fourteen factors which include the requirements for mandatory abstention, and some cite both sets of factors;[88] however, as mandatory abstention does not apply[89] only the 8 *Browning* factors will be considered.[90]

Equitable remand of this action is appropriate because all but two factors (*i.e.*, forum non conveniens and expertise of the court, which are neutral) favor remand.  First, and as the WRS Principals readily acknowledge,[91] Plaintiff's action has been bifurcated by removal, and the state

---

[87] *Firefighters' Ret. Sys*, 541 B.R. at 353 *citing In re Johnson,* No. 12-11811, 506 B.R. 233, 241 (Bankr. M.D.La. Feb. 24, 2014).  *See also*, *Adelsflugel*, 2014 WL 4181002 at *2; *Sonnier* (analyzing the 8 *Browning* factors), 2013 WL 5350853 at *8.

[88] *Firefighters' Ret. Sys*, 541 B.R. at 353.  The 14 factors are: (1) the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in the [district] court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and, (14) the possibility of prejudice to other parties in the action.  *Id. citing Regal Row Fina, Inc. v. Washington Mutual Bank,* No. 04-1033, 2004 WL 2826817, **8–9 (N.D. Tex. Dec. 9, 2004); *In re Ballard,* No. 12-30138, 2012 WL 4162382, **1-2 (Bkrtcy. S.D. Tex. Sept. 19, 2012); *Sonnier*, 2013 WL 5350853; *In re J. Moss Investments, Inc.,* No. 12-50105, 2012 WL 2150346, **3-4 (Bkrtcy. S.D. Tex. June 12, 2012); and, *In re Trimjoist Corp.,* No. 12-15405, 2013 WL 3934368, **3-4 (Bkrtcy. N.D. Miss. July 30, 2013).

[89] *See* fn. 85.

[90] Furthermore, although neither party has argued that mandatory abstention applies, and despite that the Court finds that it does not apply, the Court may consider the factors for mandatory abstention in deciding whether to apply the permissive abstention doctrine or equitable remand. *See, e.g., Firefighters' Ret. Sys*., 541 B.R. at 353.  The factors supporting mandatory abstention, set forth *supra*, also support permissive abstention and equitable remand herein, *i.e.*, (1) there is no independent basis for federal jurisdiction herein other than 28 U.S.C. § 1334(b); (2) the action appears to be a non-core proceeding; (3) the initial Petition naming WRS was commenced in state court (and well before the Bankruptcy Proceeding); and, (4) the action can be adjudicated timely in state court.

[91] R. Doc. 11, p. 10.

court proceeding, which involves claims asserted against several other defendants,[92] has been pending for over two years.[93] Judicial efficiency and economy would best be served if the entire action were tried in the same court due to the number of defendants and claims, which all arise out of the same Accident. Second, this matter involves purely state law wrongful death and negligence claims. While this Court is often called upon to decide issues of state law, it is not in a better position to do so than a state court. Third, it will obviously be duplicative for Plaintiff to proceed on her claims against WRS and the WRS Principals here and concurrently in the state court against the remaining Defendants. It would also be an uneconomic effort of judicial resources for this matter to remain here since the state court proceedings have already been pending there for over two years. Fourth, weight should be placed on Plaintiff's state court choice of forum considering the potential prejudice to Plaintiff in the form of inconsistent results and additional costs and fees in having to litigate her claims in two forums. Sixth, comity considerations, particularly, respect for the state court's authority to decide issues of state law that were initially raised before it, as well as the foregoing *Browning* factors, also favor remand. Seventh, there is a lessened possibility of an inconsistent result if the state court decides all of the claims against all of the Defendants in one forum. The Bankruptcy Court pleadings indicate that there are a number of other lawsuits against WRS (and possibly against the WRS Principals) pending in the Nineteenth Judicial District Court and other state courts.[94] It is premature at this time to assume that this Court's resolution of the issue of the WRS Principals' liability will have any bearing on another Court's finding on the same issue, which findings could be inconsistent. The Court thus agrees with Plaintiff that this factor also weighs in favor of remand.

---

[92] *See* R. Doc. 1-4 (state court Petitions).
[93] R. Doc. 1-2.
[94] 17-10698 (Bankr. E.D. La.), R. Doc. 433, pp. 2-4.

Finally, the refusal of the Eastern District to withdraw the reference is instructive. That court found that 28 U.S.C. § 157(b)(5) "has consistently been construed to recognize discretion in district courts to leave personal injury cases where they are pending," and held that withdrawing the reference would be "a waste of judicial resources… as to claims that are proceeding in the Louisiana state courts."[95] The undersigned agrees. This lawsuit, which was litigated in state court for over two years prior to removal, involves purely state law issues and should be equitably remanded based on the factors discussed above.[96]

### D.  An Award of Costs and Fees Is Not Warranted

Plaintiff also requests an award of costs and fees incurred in filing her Motion to Remand pursuant to 28 U.S.C. § 1447(c), which provides, in pertinent part, that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.[97] First, because the recommendation here is for equitable remand under 28 U.S.C. § 1452 even though this Court still has related-to subject matter jurisdiction, it is not clear that an award of attorney fees and costs under 28 U.S.C. § 1447(c) could be made.[98] Further, there is no automatic entitlement to an award of attorney's fees under § 1447(c), as the clear language of the statute makes such an award discretionary.[99] In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case...In other words, the question we consider in applying §

---

[95] R. Doc. 4-17, p. 2 *citing In re Pan American Corp*., 950 F.2d at 845.
[96] *See Adelsfugel*, 2014 WL 4181002, at *3 *citing Estate of Smith*, No. 08–92, 2008 WL 4373010, *2 (N.D. Miss. Sept. 22, 2008) ("Given that this case has already been litigated for almost four years in state court, the state-law issues completely dominate over the bankruptcy issues of one of the defendants, the subject lawsuit is a non-core proceeding, the lawsuit entirely arises under state law, and only one defendant among several others has a pending Chapter 11 bankruptcy petition, the court concludes that it will abstain from exercising its bankruptcy jurisdiction in the interests of justice, comity with Mississippi courts, and respect for Mississippi law.").
[97] 28 U.S.C. § 1447(c), R. Doc. 4-1, pp. 1-2, 12.
[98] *See Coward v. AC and S, Inc*., 91 Fed.Appx. 919, 923 (5th Cir. 2004) (noting that an award of attorney fees and costs under §1447(c) can be made when a case removed under §1452 is remanded because subject matter jurisdiction is lost).
[99] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).

1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[100]  Review of the record shows that an award of costs and attorney's fees is not warranted in this case.

While Plaintiff premises her fee request on counsel for the WRS Principals' alleged "knowing[] omissions of facts critically relevant" to removal and/or alleged misleading of the Court regarding the timeliness of the removal,[101] the WRS Principals respond that they did not mislead the Court in representing that the removal was timely because they believed it was timely under *Murphy Bros.*[102]  They further assert that they contacted the state court to determine if service had been made on the WRS Principals, and were unaware that long arm service had been accomplished on Wallace until Plaintiff filed her Notice of Removal.[103]

The Court finds that, for the reasons set forth above, the Amended Notice of Removal was timely as to Rush and Schmidt under *Murphy Bros.*, and the WRS Principals had objectively reasonable grounds for removal.  As such, Plaintiff's request for the costs and attorney's fees incurred in filing the Motion to Remand, even if permitted under 28 U.S.C. § 1447(c), should be denied.

## III.    Conclusion

Leave to amend a notice of removal should be freely granted.  As amended, the Notice of Removal cures any defect that existed because Wallace had been served with the Fourth Amended Petition in this matter more than 30 days prior to the filing of the Notice of Removal.  The Notice of Removal, as amended, is timely as to Rush and Schmidt.  Although remand is not warranted

---

[100] *Id.* at 293.
[101] R. Doc. 4-1, pp. 1, 5, 12.
[102] R. Doc. 11, pp. 3-4.
[103] R. Doc. 11, pp. 4-6.

based on Plaintiff's timeliness argument, the factors to be considered as set forth by the Fifth Circuit weigh in favor of permissive abstention and/or equitable remand.

Accordingly,

**IT IS HEREBY ORDERED** that the WRS Principals' Contingent Motion for Leave to Amend Notice of Removal[104] is **GRANTED**.

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand[105] be **GRANTED**, equitably **REMANDING** this matter to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana pursuant to 28 U.S.C. § 1452(b), and/or that the Court **ABSTAIN** from presiding over this matter pursuant to 28 U.S.C. §1334(c)(1).

**IT IS FURTHER RECOMMENDED** that Plaintiff's request in the Motion for costs and attorney's fees[106] under 28 U.S.C. §1447(c) should be **DENIED.**

Signed in Baton Rouge, Louisiana, February 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[104] R. Doc. 11, p. 7.
[105] R. Doc. 18.
[106] R. Doc. 4-1, pp. 1, 12.